1  Mark T. Drooks - State Bar No. 123561
       mtd@birdmarella.com
2  Jessica S. Chen - State Bar No. 265943
       jc@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT,
       NESSIM, DROOKS & LINCENBERG, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   Attorneys for Respondent Solicitors
7  Regulation Authority

8
                  **UNITED STATES DISTRICT COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
10

11
   *In re*                                | CASE NO. CV 12-10310 DSF (Ex)
12
   Application of
13                                         | **OPPOSITION TO EX PARTE**
   SHAHROKH MIRESKANDARI,                  | **APPLICATION TO EXPEDITE**
14                                         | **RESOLUTION OF 28 U.S.C. § 1782**
       Applicant,                          | **APPLICATION; DECLARATION**
15                                         | **OF MARK T. DROOKS IN**
                                           | **SUPPORT THEREOF**
16
   RE APPEAL IN THE:
17 HIGH COURT OF JUSTICE,                  | Assigned to Hon. Dale S. Fischer
   QUEEN'S BENCH DIVISION
18 ADMINISTRATIVE COURT,
   LONDON ENGLAND
19
   SHAHROKH MIRESKANDARI,
20
       Appellant.
21
   SOLICITORS REGULATION
22 AUTHORITY,

23     Respondent.

24

25

26

27

28

2916789.3

OPPOSITION TO EX PARTE APPLICATION TO EXPEDITE RESOLUTION OF 28 U.S.C. § 1782 APPLICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   APPLICANT IS IMPROPERLY ATTEMPTING TO CIRCUMVENT THIS COURT'S PROCEDURES.

Applicant Shahrokh Mireskandari's *ex parte* application seeks relief from this Court that is improper, unnecessary, duplicative, and wasteful of this Court's resources. Specifically, Mireskandari requests this Court to allow him to serve a subpoena on Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C. ("Bird Marella") pursuant to 28 U.S.C. section 1782 and set a briefing and hearing schedule for any subsequent motion to quash. The relief sought here is identical to the relief sought by a prior *ex parte* application that Mireskandari made in this proceeding and that remains pending before this Court. By filing the instant *ex parte* application, Applicant is improperly attempting to "jump the gun" and asking this Court to ignore the papers already filed and summarily grant the relief sought in the prior application.

Moreover, the instant proceeding is materially related to a previously-filed case in the Central District before the Honorable Judge Margaret M. Morrow (the "Morrow Action"), and Respondent Solicitors Regulation Authority ("SRA") has filed a Notice of Related Case that is currently pending before Judge Morrow. Declaration of Mark T. Drooks ("Drooks Decl."), ¶ 2, Ex. A. Applicant Mireskandari is a plaintiff in the Morrow Action and has named the SRA as a defendant. *Id.* Bird Marella serves as counsel for the SRA in the Morrow Action, and Mireskandari has also claimed that Bird Marella is a relevant witness in that action. *Id.* In the Morrow Action, Mireskandari and his co-plaintiff, Paul Baxendale-Walker, have alleged a conspiracy by the SRA and others with respect to the UK disciplinary proceedings against plaintiffs that is also the subject of the instant proceeding. *Id.*

Applicant initiated this proceeding in order to seek this Court's permission—via an *ex parte* application—to serve a subpoena for documents on Bird Marella,

OPPOSITION TO EX PARTE APPLICATION TO EXPEDITE RESOLUTION OF 28 U.S.C. § 1782 APPLICATION

1  counsel for the SRA, under 28 U.S.C. section 1782, purportedly for use in an appeal

2  in the United Kingdom ("Section 1782 Application").  *See* Dkt. No. 1.  The SRA

3  filed its opposition to the Section 1782 Application on December 5 (Dkt. No. 11),

4  and Mireskandari filed a reply on December 7.  Dkt. No. 16.  Applicant's Section

5  1782 Application is therefore fully briefed and remains pending before this Court.

6  In the papers, the parties addressed the factual and legal issues relating to the

7  propriety of service of a subpoena on Bird Marella, including points of applicable

8  UK law and the various discretionary factors this Court must evaluate under *Intel*

9  *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) in deciding an

10  application under section 1782.

11      Applicant, however, now asks this Court to allow service of a subpoena on

12  Bird Marella without consideration of the fully-briefed papers initiated by Applicant

13  himself.  Applicant also had filed previously a request for oral argument which is

14  pending before this Court (Dkt. No. 15), and seeks the same relief here. Applicant

15  essentially requests a shortcut to granting the relief he seeks without any

16  demonstration that he has met the requirements for relief.  The law does not allow

17  for such shortcuts.  Service of the subpoena is proper only if this Court considers

18  and grants the Section 1782 Application, and at that time, the Court may set a

19  briefing schedule for subsequent motion to quash as it deems appropriate.

20  **II.    APPLICANT HAS INITIATED THIS PROCEEDING IN BAD FAITH.**

21      The *ex parte* relief sought by Mireskandari here is particularly unwarranted

22  given that Mireskandari has initiated this proceeding in apparent bad faith.

23  Mireskandari has brought serious accusations against Bird Marella, alleging that it

24  engaged in improper and fraudulent conduct in its communications with Dr. Scoma,

25  but provides no factual basis for the allegations.  Indeed, the bulk of the allegations

26  in Mireskandari's Section 1782 Application involve alleged communications that

27  occurred without Bird Marella present.  With respect to Bird Marella, Mireskandari

28  merely alleges that Bird Marella represented Dr. Scoma with respect to a third-party

OPPOSITION TO EX PARTE APPLICATION TO EXPEDITE RESOLUTION OF 28 U.S.C. § 1782 APPLICATION

1   subpoena in a state court action brought by another disbarred UK solicitor (which

2   was later voluntarily withdrawn), long after Dr. Scoma had completed his

3   involvement in Mireskandari's disciplinary proceedings.  Section 1782 App. (Dkt.

4   No. 1) at 9; Resp.'s Opp. (Dkt. No. 11) at 5, 8.

5        Not only is the discovery sought from Bird Marella unwarranted, but counsel

6   for Mireskandari has also indicated that Mireskandari is attempting to serve Bird

7   Marella with a subpoena in this proceeding in order to be able to make the argument

8   that the service of the subpoena would create a conflict with Bird Marella's

9   representation of the SRA.  Drooks Decl., ¶ 3, Ex. B.  And given Mireskandari's

10   apparent belief that service of the subpoena on Bird Marella would create a conflict,

11   there is yet another reason to defer serving the subpoena until the Court has

12   determined that the discovery pursuant to section 1782 is appropriate.

13        Mireskandari therefore is seeking broad discovery from Bird Marella based

14   on bare allegations of fraud that are clearly without basis and with the intention of

15   creating a purported conflict with respect to Bird Marella's representation of the

16   SRA.  This Court has full discretion to deny applications under Section 1782 that

17   are brought in bad faith or for the purpose of harassment, and should deny

18   Mireskandari's application here on that basis.  *Euromepa S.A. v. R. Esmerian, Inc.*,

19   51 F.3d 1095, 1101 n.6 (1995) (" if the district court determines that a party's

20   discovery application under section 1782 is made in bad faith, for the purpose of

21   harassment, or unreasonably seeks cumulative or irrelevant materials, the court is

22   free to deny the application in toto, just as it can if discovery was sought in bad faith

23   in domestic litigation.").[1]

24

25   [1]   Moreover, as Applicant has noted, the Southern District of California has granted
26   Mireskandari's section 1782 application to serve a subpoena for deposition
testimony and documents on Dr. Scoma.  *See* Dkt. No. 17.  Since Applicant has
27   already been granted leave to seek deposition testimony and documents from Dr.
28   Scoma himself, any discovery sought from Bird Marella would be cumulative and

OPPOSITION TO EX PARTE APPLICATION TO EXPEDITE RESOLUTION OF 28 U.S.C. § 1782 APPLICATION

III.    *CHEVRON* **IS INAPPOSITE.**

Applicant relies on *In re Application of Chevron Corp.*, No. 10cv1146-IEG(WMc), 2010 WL 3584520 (S.D. Cal. Sept. 10, 2010), but *Chevron* is inapposite.  In that case, Chevron initially filed an application under section 1782 attaching proposed, unsigned subpoenas and served the application on the witness.  *Chevron*, 2010 WL 3584520, at *1.  The magistrate held a telephonic status conference, and set a timetable for the respondent to file a motion to quash.  *Id.*  After the respondent argued that the subpoenas were not properly served, Chevron served signed copies of the subpoenas.  *Id.*  After Chevron's application was granted, the respondent appealed to the District Judge and objected to service of the subpoenas as improper, but did not object to the briefing schedule set by the Magistrate.  *Id.* at *6-7.  The briefing schedule therefore was not an issue on appeal, and the District Judge did not address its propriety.  Nothing in the *Chevron* case indicates that a truncated briefing schedule would be appropriate here.[2]

IV.    **CONCLUSION**

For the foregoing reasons, Respondent Solicitors Regulation Authority respectfully urges the Court to deny Applicant's *Ex Parte* Application to Expedite Resolution of 28 U.S.C. Section 1782 Application.

_____

harassing.

[2]    In granting the discovery sought, the *Chevron* court noted the fact that the foreign court had considered evidence obtained from Chevron's previous section 1782 applications and was explicitly holding the record open for any further discovery obtained from Chevron's pending applications.  *Chevron*, 2010 WL 3584520, at *4.  This is not the case here.

OPPOSITION TO EX PARTE APPLICATION TO EXPEDITE RESOLUTION OF 28 U.S.C. § 1782 APPLICATION

1 | DATED:  December 24, 2012        Respectfully submitted,

2

3                                   Mark T. Drooks
                                    BIRD, MARELLA, BOXER, WOLPERT,
4                                       NESSIM, DROOKS & LINCENBERG, P.C.

5

6                                   By:      _/s/ Mark T. Drooks_

7                                              Mark T. Drooks
                                    Attorneys for Respondent Solicitors
8                                   Regulation Authority

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO EX PARTE APPLICATION TO EXPEDITE RESOLUTION OF 28 U.S.C. § 1782 APPLICATION

1          **DECLARATION OF MARK T. DROOKS**

2          I, Mark T. Drooks, declare as follows:

3          1.      I am an active member of the Bar of the State of California and a

4   Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, A

5   Professional Corporation, attorneys of record for Respondent Solicitors Regulation

6   Authority ("SRA") in this action.  I make this declaration in support of Respondent's

7   Opposition To Ex Parte Application to Expedite Resolution Of 28 U.S.C. Section

8   1782 Application.  Except for those matters stated on information and belief, I make

9   this declaration based upon personal knowledge and, if called upon to do so, I could

10  and would so testify.

11         2.      The instant proceeding is materially related to a pending case in the

12  Central District before the Honorable Judge Margaret Morrow, entitled

13  *Mireskandari, et al. v. Mayne, et al.*, Case No. CV 12-03861 MMM (FMOx) (the

14  "Morrow Action").  Attached as **Exhibit A** is a true and correct copy of the Notice

15  of Related Case filed on December 20, 2012 by Respondent Solicitors Regulation

16  Authority that is currently pending before Judge Morrow.  Applicant Mireskandari

17  is a plaintiff in the Morrow Action and has named the SRA as a defendant; Bird

18  Marella serves as counsel for the SRA in that action.  Mireskandari has also claimed

19  that Bird Marella is a relevant witness in that action.  In the Morrow Action,

20  Mireskandari and his co-plaintiff, Paul Baxendale-Walker, have alleged a

21  conspiracy by the SRA and others with respect to the UK disciplinary proceedings

22  against plaintiffs that is also the subject of the instant action.

23         3.      Attached as **Exhibit B** is a true and correct copy of an email sent by

24  Bruce Marks to me dated December 20, 2012 and my December 21, 2012 response

25  to Bruce Marks' December 20, 2012 email.

26

27

28

2916852.1                                  1

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct, and that I executed this declaration

3    on December 24, 2012, at Los Angeles, California.

4

5                                          */s/ Mark T. Drooks*
                                          Mark T. Drooks
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Mark T. Drooks - State Bar No. 123561
       mtd@birdmarella.com
2  Jessica S. Chen - State Bar No. 265943
       jc@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT,
       NESSIM, DROOKS & LINCENBERG, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   Attorneys for Defendants Barrington
7  Mayne, Malcolm Lees, David Middleton,
   Anthony Townsend, Richard Hegarty, the
8  Solicitors Regulation Authority and The
   Law Society of England and Wales
9

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  SHAHROKH MIRESKANDARI, and            CASE NO. CV 12-03861 MMM
    PAUL BAXENDALE-WALKER,                (FMOx)
14
              Plaintiffs,                 **NOTICE OF RELATED CASES**
15                                        **[Local Rules 83-1.3.1 & 83-1.3.3]**
          vs.
16                                        Assigned to Hon. Margaret M. Morrow
    BARRINGTON MAYNE, MALCOLM
17  LEES, DAVID MIDDLETON,
    ANTONY TOWNSEND, RICHARD
18  HEGARTY, THE LAW SOCIETY OF
    ENGLAND AND WALES, PATRICK
19  ROHRBACH, THE SOLICITORS
    REGULATION AUTHORITY,
20  MANSUR RAHNEMA,
    ASSOCIATED NEWSPAPERS LTD;
21  DAVID GARDNER; and DOES 1 to
    100, inclusive,
22
              Defendants.
23

24

25

26

27

28

2917039.1

────────────────────────────────────────
NOTICE OF RELATED CASE

1    TO THIS COURT AND TO ALL PARTIES AND THEIR COUNSEL OF

2  RECORD, PLEASE TAKE NOTICE that:

3    1.    On December 3, 2012, Plaintiff Shahrokh Mireskandari initiated a civil

4  action pursuant to 28 U.S.C. section 1782 in the United States District Court for the

5  Central District of California, entitled *In Re Application of Shahrokh Mireskandari*,

6  No. 2:12-CV-10310 DSF (Ex) ("Petition"), to seek the production of documents

7  from Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C. ("Bird

8  Marella").  Bird Marella serves as counsel for Defendants Barrington Mayne,

9  Malcolm Lees, David Middleton, Anthony Townsend, Richard Hegarty, the

10  Solicitors Regulation Authority and the Law Society of England and Wales in this

11  Action.  Plaintiffs Mireskandari and Paul Baxendale-Walker have also claimed that

12  Bird Marella is a relevant witness in this action.  *See* Third Amended Compl. (Dkt.

13  No. 69), ¶ 138.[1]

14    2.    The Petition is materially related to the instant lawsuit.  The action

15  seeks discovery from counsel for the SRA in these actions, in connection with an

16  alleged conspiracy against Plaintiffs that is the subject of the complaint in this

17  lawsuit.  Specifically, Mireskandari seeks evidence relating to the proceedings in the

18  United Kingdom that resulted in Mireskandari's disbarment and communications

19  between Bird Marella and a witness in that proceeding.  That witness, Dr. Joseph

20  Scoma, is identified in the Third Amended Complaint as a witness in this action

21  (and effectively as a participant in the alleged conspiracy).  *See* Third Amended

22  Compl. (Dkt. No. 69), ¶¶ 117-38.  The topics of the discovery sought in the Petition

23  _____

24  [1]  On December 3, 2012, Mireskandari initiated another civil action pursuant to 28
     U.S.C. section 1782 in the United States District Court for the Southern District of
25  California, entitled *In re Application of Shahrokh Mireskandari*, No. 3:12-CV-2865
     IEG (DHB) ("Southern District Petition"), to seek deposition testimony and
26  documents from Dr. Joseph A. Scoma.  Plaintiffs named Defendant Solicitors
     Regulation Authority ("SRA") as the respondent in that matter and have claimed
27  that Dr. Scoma is a relevant witness in this action.
28

1    involve the same subject matter as the instant lawsuit (i.e., whether Mireskandari

2    was properly disbarred as a solicitor in the United Kingdom).  The Petition therefore

3    arises from related transactions, happenings, and/or events as this lawsuit and call

4    for a determination of the same or substantially identical questions of law and fact.

5    Local Rule 83-1-3.1(a)-(b).

6

7    DATED:  December 20, 2012          Mark T. Drooks
                                        Jessica S. Chen
8                                       BIRD, MARELLA, BOXER, WOLPERT,
                                           NESSIM, DROOKS & LINCENBERG, P.C.
9

10

11
                                        By:        */s/ Mark T. Drooks*
12                                                  Mark T. Drooks
13                                      Attorneys for Defendants Barrington
                                        Mayne, Malcolm Lees, David Middleton,
14                                      Anthony Townsend, Richard Hegarty, the
                                        Solicitors Regulation Authority and the
15                                      Law Society of England and Wales
16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

## Jessica Chen

| | |
|---|---|
| **From:** | Mark T. Drooks |
| **Sent:** | Friday, December 21, 2012 11:49 AM |
| **To:** | Bruce Marks |
| **Cc:** | cpalko@blechercollins.com; jludwig@blechercollins.com; Maria Temkin; Tom Sullivan; Maxwell M. Blecher; Jessica Chen |
| **Subject:** | RE: CD Cal |

Bruce,

Service of a subpoena would be premature until we have a ruling from the Court on the pending ex parte application.  If the Court allows the discovery to proceed, my firm will accept service of the subpoena.

I see no point in responding to the second paragraph of your email.

Mark

---

**From:** Bruce Marks [mailto:marks@mslegal.com]
**Sent:** Thursday, December 20, 2012 7:37 PM
**To:** Mark T. Drooks
**Cc:** cpalko@blechercollins.com; jludwig@blechercollins.com; Maria Temkin; Tom Sullivan; Maxwell M. Blecher
**Subject:** CD Cal

Dear Mark:

In light of SD Cal ruling, we did not file the ex parte in CD Cal regarding expedited resolution today.  Given the ruling, please advise whether SRA will consent to any of the proposed relief set forth in my prior email.  It would seem sensible for the SRA to consent to serving the subpoena on Bird Marella, providing for 14 days to move to quash/object,  and agreeing to a briefing schedule for any motion to quash and/or objections.

Again, I raise this, reserving the obvious point that your firm is conflicted in advising the SRA and responding to the proposed subpoena.   I also note the obvious point that the SRA should be seeking to determine the truth, not suppress it.

Cheers.