MARKS & SOKOLOV, LLC
BRUCE S. MARKS (*Pro Hac Vice* pending)
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215) 569-8901
Facsimile: (215) 569-8912
Marks@mslegal.com

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER (SB# 026202)
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656
mblecher@blechercollins.com

Attorneys for Applicant SHAHROKH MIRESKANDARI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| *In re* <br><br> Application of <br><br> SHAHROKH MIRESKANDARI, <br><br> Applicant. <br><br> ------------------------------------------ <br><br> RE APPEAL IN THE HIGH COURT OF JUSTICE, QUEEN'S BENCH DIVISION ADMINISTRATIVE COURT, LONDON ENGLAND <br><br> SHAHROKH MIRESKANDARI, <br><br> Appellant, <br><br> SOLICITORS REGULATION AUTHORITY, <br><br> Respondent. | **CASE NO. CV 2:12-cv-10310-DSF (Ex)** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICANT'S MOTION FOR RECONSIDERATION OF ORDER DATED JANUARY 8, 2013 (DKT. 24)** <br><br> **Hon. Dale S. Fischer** <br><br> Date: February 25, 2013 <br> Time: 1:30 p.m. <br> Courtroom: 840 |

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

PROCEDURAL BACKGROUND ................................................................................... 2

THE JAMES STUART DECLARATIONS ..................................................................... 2

LEGAL STANDARD ...................................................................................................... 3

ARGUMENT ................................................................................................................... 3

I. THE COURT SHOULD RECONSIDER BECAUSE THE SD DECISION BECAME COLLATERAL ESTOPPEL ONLY THE DAY BEFORE THIS COURT'S DECISION ................................................. 4

    A. Collateral Estoppel Applies ............................................................... 4

    B. Collateral Estoppel Precludes This Court's Ruling Denying Discovery of Communications Between Dr. Scoma and Bird Marella ................................................................................................ 5

    C. Applicant Moves for Reconsideration to Avoid Potential Application of the "Last In Time" Doctrine ........................................ 6

    D. No Discretionary Factor Supports Not Applying Collateral Estoppel ............................................................................................. 7

II. THE COURT FAILED TO CONSIDER MATERIAL FACTS ................. 8

    A. The Court Overlooked The Stuart Declarations ............................... 9

    B. The Record Does Not Support The Finding Applicant Is Seeking to Evade Discovery Supervision in Domestic Proceedings ....................................................................................... 9

III. DISCOVERY OF DR. SCOMA'S FAILURE TO PRODUCE DOCUMENTS FURTHER JUSTIFIES RELIEF ...................................... 10

CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012) .................................................................................. 9

*Central States, Southeast & Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*,
  296 F.3d 624 (7th Cir. 2002) .............................................................................. 4

*Eilrich v. Remas*,
  839 F.3d 630 (9th Cir. 1988) .............................................................................. 5

*Euromepa, S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995) ............................................................................... 6

*In re Lopez*,
  367 B.R. 99 (B.A.P. 9th Cir. 2007) ............................................................ 7, 8, 9

*In re Request for Judicial Assistance from the Seoul Dist. Criminal Court*,
  555 F.2d 720 (9th Cir. 1977) .............................................................................. 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 261 (2004) ........................................................................................ 3, 9

*Robi v. Five Platters, Inc.*,
  838 F.2d 318 (9th Cir. 1988) ........................................................................... 6, 7

*Tripati v. Henman*,
  857 F.2d 1366 (9th Cir. 1988) ............................................................................ 4

*Turner v. Duncan*,
  158 F.3d 449 (9th Cir. 1998) .............................................................................. 4

*United States v. Torf*,
  357 F.3d 900 (9th Cir. 2004) .............................................................................. 4

*Washington Mutual, Inc. v. United States*,
  636 F.3d 1207 (9th Cir. 2011) ............................................................................ 5

**STATUTES**

28 U.S.C. § 1782 ................................................................................................ passim

**RULES**

Federal Rule of Civil Procedure 72 .......................................................................... 4

Local Rule of the United States District Court for the Central District of California 7-18 ........................................................................... 3

**INTRODUCTION**

<u>First</u>, a significant circumstance occurred at midnight, January 7, 2013 – the decision granting Applicant discovery pursuant to 28 U.S.C. § 1782 in the Southern District of California became final due to Respondent's failure to file objections, and, thus, *res judicata* in this District. There was no time to provide an explanation of how the Southern District Decision precluded certain aspects of Respondent's Opposition before this Court's Order at 9:12 a.m. the next day. As discussed below, Applicant prudently raises this issue now to avoid the risk of the Order barring future § 1782 discovery based on the "last in time" doctrine.

<u>Second</u>, this Court failed to consider the James Stuart Declaration that demonstrated that the sought evidence was discoverable and admissible in the English Appeal. Likewise, this Court failed to consider nothing in the record evidences Applicant was seeking to avoid discovery restrictions in cases pending in the United States in order to obtain this evidence for use in the English appeal.

<u>Third,</u> on January 14, 2013, Dr. Joseph Scoma – the subject of the granted § 1782 application in the Southern District – produced documents and his deposition was taken on January 21, 2013. However, Dr. Scoma could not remember when he had conversations prior to issuing his June 12, 2012 report with attorneys at Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C. ("Bird Marella"), who represent Respondent. For the purposes of this motion, Applicant limits the scope of the subpoena to documents (such as time records which may be redacted) which evidence when Bird Marella attorneys had communications with Dr. Scoma on or before June 12, 2012.

In light of these developments, Applicant requests this Court reconsider and permit Applicant to discover the above documents so these documents can be used to oppose Respondent's application for security for costs scheduled for a March 14, 2013 hearing and on the merits of the English appeal.

## PROCEDURAL BACKGROUND

On December 20, 2012, Applicant's Application for § 1782 Discovery was granted in the Southern District of California (the "SD Decision"). (Dkt. 17.) Applicant filed a notice of decision in this Court on December 20, 2012. (*Id.*) Dr. Scoma produced documents, including communications with Bird Marella, on Monday, January 14, 2013.[1] He was deposed on Monday, January 21, 2013 in San Diego. The order denying Applicant's § 1782 Application in this District was entered on January 8, 2013 at 9:12 a.m. (Dkt. 24.)

## THE JAMES STUART DECLARATIONS

Applicant submitted two declarations of English barrister James Stuart (Dkt. 3, the "Stuart Opinion" and Dkt. 16-3 the "Supp. Stuart Opinion"). In regard to whether the English appeal court would consider new evidence, Stuart opined:

- English Courts follow the rule that where new (fresh) evidence comes to light after a judgment has been reached which puts that judgment in doubt, the unsuccessful party **may** be permitted to invoke that fresh evidence in order to challenge the judgment by appeal to an appellate court. See Stuart Opinion, ¶ 6(a), ¶¶14-36.
- English courts permit evidence (including such fresh evidence) to be used when opposing an application for security for costs to the appellate court. See Stuart Opinion, ¶ 6(a), ¶¶ 37-45.

In regard to whether the English court would permit discovery on appeal, Stuart opined:

- English courts follow the rule that the party has a duty of disclosure which continues until the proceedings are concluded. The continuing

---

[1] Bird, Marella is Respondent's law firm which found Dr. Scoma to serve as the Solicitors Disciplinary Tribunal's independent expert in April 2012. It did not begin to represent Dr. Scoma until after June 22, 2012 when the subpoena in the Baxendale-Walker matter was served. In addition, Terry Bird submitted a declaration on behalf of Respondent in the English proceeding before the Solicitors Disciplinary Tribunal.

obligation applies to proceedings at first instance "**as well as on appeal**." As such, the Appeal Court may permit discovery on appeal if the court considers it necessary and an appropriate application to the court is made. See Stuart Suppl. Opinion, ¶¶ 3-7, Ex. 1.

## LEGAL STANDARD

Rule 7-18 of the Local Rules of the United States District Court for the Central District of California provides that a motion for reconsideration may be made on the grounds of: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

## ARGUMENT

The Court should grant the motion based on (I) a significant circumstance that changed at midnight the day before this Court's ruling – that is, the SD Decision becoming final and *res judicata* due to Respondent's failure to file objections; (II) the Court's misapprehension of the Record; and (III) the recent discovery that Dr. Scoma failed to produce communications with Bird, Marella.

There is no dispute Applicant, an American resident in California, satisfies § 1782's three statutory requirements. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 261, 264 (2004). Upon reconsideration, this Court should conclude *Intel's* discretionary factors support the Application. The Court should permit discovery of communications between Dr. Scoma and Bird Marella not produced in the Southern District (or listed as privileged) so they may be used in the English appeal, including the critical March 14, 2013 hearing.

## I. THE COURT SHOULD RECONSIDER BECAUSE THE SD DECISION BECAME COLLATERAL ESTOPPEL ONLY THE DAY BEFORE THIS COURT'S DECISION[2]

The SD Decision only became collateral estoppel the day before this Court's decision, which is a recognized ground justifying reconsideration pursuant to Local Rule 7-18 (a) & (b).

Respondent's 14-day period to object to the SD Decision pursuant to Federal Rule of Civil Procedure 72 expired on January 7, 2013. Thus, the SD Decision's findings of fact became unappealable based on waiver. "The failure to object in the district court to a magistrate's finding of fact waives a challenge to that finding." *United States v. Torf*, 357 F.3d 900, 910 (9th Cir. 2004) (as amended) (citing *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998) (as amended)). Even if the Respondent were to appeal the SD Decision to the Court of Appeals, "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4433, at 308 (1981)) (applying federal common law). Therefore, the SD Decision is now a final judgment binding on the Respondent for collateral estoppel purposes. Given the timing, Applicant was unable to bring this to the Court's attention before its decision the next day.

### A. Collateral Estoppel Applies

"[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on

---

[2] Federal common law of *res judicata*/collateral estoppel governs because the SD Decision was rendered by a federal court applying § 1782 federal law. *Central States, Southeast & Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002) ("Federal common law of res judicata governs the analysis because the prior suit was brought in federal court on a federal claim.").

4

the same or a different claim." *Eilrich v. Remas*, 839 F.3d 630, 632 (9th Cir. 1988) (quoting Restatement (Second) of Judgments § 27 (1982)). "Collateral estoppel, or issue preclusion, bars the relitigation of both issues of law and issues of fact actually adjudicated in previous litigation between the same parties." *Washington Mutual, Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011) (applying federal common law). Collateral estoppel applies here.

<u>First</u>, the issue of discoverability of communications between Bird Marella and Dr. Scoma under § 1782 for use in the English appeal was actually litigated and determined in the SD Decision, which approved issuing a subpoena on Dr. Scoma to produce all of his communications in his "possession, custody and control" with Respondent, including its counsel, Bird Marella.

<u>Second</u>, the SD Decision is now final. The time to file objections elapsed over ten days ago. It enjoys *res judicata* effect even if appealed.

<u>Third</u>, the discoverability under § 1782 of communications between Dr. Scoma and Respondent (including Bird Marella) was the raison d'etre of the SD Decision and, thus, essential to its judgment.

**B.     Collateral Estoppel Precludes This Court's Ruling Denying Discovery of Communications Between Dr. Scoma and Bird Marella**

<u>First</u>, the SD Decision held, "the Court does not believe Applicant is attempting to circumvent English evidence-gathering restrictions." SD Decision at 6. Having this issue litigated and decided, Respondent is estopped from arguing that Applicant seeks to avoid English evidence-gathering restrictions by seeking discovery of the same communications between Bird Marella and Dr. Scoma, the only difference being Applicant seeks them from Bird Marella rather than Dr. Scoma. The Court's ruling that "Applicant had the opportunity to seek such information at the evidentiary hearing stage of the proceedings" should also be

5

reconsidered as precluded since this argument was made and implicitly rejected in the Southern District.[3]

Second, the SD Decision held "the Court is not required to determine whether the evidence obtained from Dr. Scoma would be discoverable or admissible in the English appellate proceeding . . . Such issues are appropriately suited for the English courts."  SD Decision at 5-6.  As a result, Respondent is precluded from arguing to the contrary, and this Court's ruling that "[t]here is no indication that the U.K. tribunal would be willing to consider new evidence after Applicant failed to discovery or admit such evidence" is similarly precluded.

Third, the SD Decision found serving a subpoena on Dr. Scoma for his communications with Respondent, including Bird Marella, as not "unduly intrusive or burdensome."  SD Decision at 6.  Accordingly, even if, *arguendo,* other discovery sought in the proposed subpoena for Bird Marella may be "overbroad and would almost necessarily invade the attorney-client and work product privileges," Respondent is precluded by the SD Decision from arguing that the request for communications between Bird Marella and Dr. Scoma was "unduly intrusive or burdensome."

In short, faced with the same facts and legal arguments, the SD Decision concluded Applicant was entitled to communications between Dr. Scoma and Bird, Marella under § 1782.   This narrow ruling is binding here.

### C. Applicant Moves for Reconsideration to Avoid Potential Application of the "Last In Time" Doctrine

*Robi v. Five Platters, Inc*. 838 F.2d 318, 322-323 (9th Cir. 1988), described

---

[3] Section 1782 imposes no requirement that the applicant must exhaust foreign discovery procedures.  *See Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995) ("[L]inking an impermissible factor (lack of exhaustion) to a factor whose relevance we have held to be quite limited under the statute (lack of discoverability) cannot justify a denial of discovery . . . a district court's inquiry into the discoverability of requested material should consider only authoritative proof that a foreign tribunal would reject such evidence.").

6

the "last in time" doctrine as follows:

> [I]f a second court to face a claim or issue is not presented with *res judicata* arguments, or rejects these arguments, an inconsistent judgment may arise. If two or more courts render inconsistent judgments on the same claim or issue, a subsequent court is normally bound to follow the most recent determination that satisfies the requirements of *res judicata* .... When two inconsistent judgments exist, it is tempting for a court to reexamine the merits of the litigants' dispute and choose the result it likes best. There are important reasons to avoid this temptation. First, if one party could have raised *res judicata*, but did not, that litigant must bear the cost of its tactic or inadvertence …. Therefore, even when we think that the most recent judgment might be wrong, we still give it *res judicata* effect so that finality is achieved and the parties are encouraged to appeal an inconsistent judgment directly rather than attack it collaterally before another court. *See id.*

Applicant may seek further § 1782 discovery for use in the English appeal. Thus, in order to avoid the Order of this Court applied to bar such discovery based on the "last in time" doctrine, Applicant prudently raise this issue now in order to have the Order vacated, even if no other relief is provided.

### D. No Discretionary Factor Supports Not Applying Collateral Estoppel

A court has discretion not to apply collateral estoppel in narrow circumstances which are set out in *Restatement (Second) of Judgments* § 28. *In re Lopez*, 367 B.R. 99, 107 (B.A.P. 9th Cir. 2007). These exceptions are limited to concepts such as "change in applicable legal context; avoiding inequitable administration of laws; differences in quality or extensiveness of procedures; and lack of adequate opportunity or incentive to obtain a full and fair adjudication in

the initial action." *Id.* (quoting §28).  None of these exceptions apply.

<u>First</u>, there has been no change in applicable legal context that might justify not applying collateral estoppel.  Once Respondent failed to appeal the Southern District's allowance of the Application, the decision became "final" and may now serve as collateral estoppel.

<u>Second</u>, no inequitable administration of the laws would result in applying collateral estoppel.  The Southern District wrote a well-reasoned and thought out opinion that applied the undisputed legal test and standard.

<u>Third</u>, even if this court disagrees with the result reached by the Southern District, it can hardly be said that the opinion reached there was of low quality or employed any lacking procedures.  Magistrate Judge Bartick's opinion carefully considered each *Intel* factor and provided facts and legal precedent supporting its decision after Respondent submitted its detailed briefs.

<u>Fourth</u>, Respondent did not lack adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.  Indeed, Respondent was represented by the same counsel as in this District and its opposition was practically identical to that filed in this District.  Because the two Applications call for identical relief in regard to communications between Dr. Scoma and Bird Marella, the incentive to obtain a full and fair adjudication in the Southern District was the same as it was in this District.

<u>Finally</u>, there are no other broader considerations that would justify not applying collateral estoppel.  The doctrine would be rendered toothless – and the principles of judicial finality and efficiency would be undermined – if in clear-cut cases such as this one collateral estoppel did not apply.

**II.   THE COURT FAILED TO CONSIDER MATERIAL FACTS**

In denying the Application, the Court manifestly failed to consider material facts presented to it, justifying reconsideration under Local Rule 7-18(c).

### A. The Court Overlooked The Stuart Declarations

*Intel* teaches that the Court should not consider whether the evidence is discoverable or admissible in the foreign proceeding as the SD Decision concluded. *Id.* at 261-62.[4] As *Intel,* 542 U.S. at 262, noted, the "House of Lords ruled that non-discoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United States under § 1782." Assuming, *arguendo*, foreign discoverability and admissibility are relevant (which they are not), the Court overlooked English barrister James Stuart's two declarations in concluding "the present request is largely an attempt to acquire discovery that would neither be discoverable nor admissible at the current stage of the U.K. proceeding . . . There is no indication that the U.K. tribunal would be willing to consider new evidence." To the contrary, Stuart specifically opined that English courts would consider the evidence on appeal, Stuart Opinion, ¶¶ 6(a), ¶¶ 14-45; and English courts permit discovery on appeal. Supp. Stuart Opinion, ¶¶ 3-7.

### B. The Record Does Not Support The Finding Applicant Is Seeking to Evade Discovery Supervision in Domestic Proceedings

As the Court recognized, *Intel* does not permit limiting § 1782 discovery because of pending domestic proceedings. Even if permitted by *Intel*, there is no factual basis in the record to support the finding Applicant is attempting "to evade discovery supervision in the various state and federal proceedings that the parties (or related parties) are part of in this country, or to otherwise forum shop with regard to consideration of these discovery issues."

---

[4] *E.g., Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) (just "as a district court should not consider the *discoverability* of the evidence in the foreign proceeding, it should not consider the *admissibility* of evidence in the foreign proceeding in ruling on a *section 1782* application"); *In re Request for Judicial Assistance from the Seoul Dist. Criminal Court,* 555 F.2d 720, 723 (9th Cir. 1977) ("[F]ederal courts, in responding to [§ 1782] requests, should not feel obliged to involve themselves in technical questions of foreign law relating to . . . the admissibility before such tribunals of the testimony or material sought.").

There are, however, <u>no</u> pending state court proceedings. The only pending federal court proceedings are (a) *In Re Application of Shahrokh Mireskandari*, Case No. CV 12-cv.2865-IEG-(DHB) in the Southern District of California where the Court <u>granted</u> discovery; (b) *Mireskandari v. Daily Mail et al.*, Case No. CV12-02943 MMM (SSx) (the "Daily Mail case") where Judge Morrow <u>ordered</u> discovery to go forward at the September 6, 2013 conference where tentative orders generally denying the motions to dismiss were distributed, see Transcript of September 6, 2012 Conference, (Dkt. 94), although Judge Morrow subsequently temporarily stayed discovery on January 14, 2013 pending resolution of the pending motions to dismiss (See Dkt. 124); and (c) *Mireskandari and Baxendale-Walker v. Mayne et al.*, Case No. CV 12-03861 MMM-FMOx (the "RICO case"), where Judge Morrow stayed discovery while the motions to dismiss are resolved.

There is no conceivable factual basis to conclude Applicant filed § 1782 Applications in the Southern and Central Districts, supported with two declarations of English barrister James Stuart, and is going forward with Dr. Scoma's deposition on January 21, 2013 in San Diego, other than for use in the English appeal, including the crucial hearing on March 14, 2013 on Respondent's application for security for costs in excess of $485,000, SD Decision at 2, which will result in his appeal being stricken if the ordered security is not provided. Beyond even remote doubt, Applicant seeks this evidence for use in England, not to circumvent discovery stays in the pending Daily Mail and RICO cases.

**III.   DISCOVERY OF DR. SCOMA'S FAILURE TO PRODUCE
        DOCUMENTS FURTHER JUSTIFIES RELIEF**

Recent discovery in the Southern District after the instant Order reveals that Dr. Scoma could not remember when he had conversations with Bird Marella attorneys prior to his June 12, 2012 report. Presumably, Bird Marella attorneys have time records evidencing the dates of these communications which can be redacted to avoid implication any attorney-client privilege. This justifies

reconsideration pursuant to Local Rule 7-18(b). Applicant now seeks only these limited documents. Applicant will supplement the record on this issue as soon as the deposition transcript is received.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its order, grant the Application, and order that a subpoena may be served on Bird Marella for its communications with Dr. Scoma which were not produced or subject to an assertion of privilege in the Southern District. Alternatively, the Court should vacate its order so that it does not impede Applicant under the "last in time" doctrine.

Dated: January 22, 2013            Respectfully Submitted,

　　　　　　　　　　　　　　　　　　 /s/ Maxwell M. Blecher
　　　　　　　　　　　　　　　　　Maxwell M. Blecher (SB# 026202)
　　　　　　　　　　　　　　　　　BLECHER & COLLINS, P.C.

　　　　　　　　　　　　　　　　　　 /s/ Bruce S. Marks
　　　　　　　　　　　　　　　　　Bruce S. Marks (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　MARKS & SOKOLOV, LLC

11