1  MARKS & SOKOLOV, LLC
   BRUCE S. MARKS (*Pro Hac Vice* Pending)
2  1835 Market Street, 28th Floor
   Philadelphia, PA 19103
3  Telephone: (215) 569-8901
   Facsimile: (215) 569-8912
4  Marks@mslegal.com

5  BLECHER & COLLINS, P.C.
   MAXWELL M. BLECHER (SB# 026202)
6  515 South Figueroa Street, Suite 1750
   Los Angeles, California 90071-3334
7  Telephone: (213) 622-4222
   Facsimile: (213) 622-1656
8  mblecher@blechercollins.com

9  Attorneys for Applicant SHAHROKH MIRESKANDARI

10

11            **UNITED STATES DISTRICT COURT**

12      **SOUTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13  *In re*                                  | **CASE NO. CV 12-10310 DSF (Ex)**

14  Application of

15  SHAHROKH MIRESKANDARI,                   | **REPLY IN SUPPORT OF APPLICANT'S MOTION FOR RECONSIDERATION OF ORDER DATED JANUARY 8, 2013 (DKT. 24)**

16  Applicant.

17  ------------------------------------     | **Hon. Dale S. Fischer**

18  RE APPEAL IN THE:                        | Date: February 25, 2013
    HIGH COURT OF JUSTICE,                   | Time: 1:30 p.m.
19  QUEEN'S BENCH DIVISION                   | Courtroom: 840
    ADMINISTRATIVE COURT,
20  LONDON ENGLAND

21

22  SHAHROKH MIRESKANDARI,

    Appellant,
23
    SOLICITORS REGULATION
24  AUTHORITY,

25  Respondent.

# REPLY ARGUMENT[1]

## I.   The SD Decision Was Not Final Until January 7, 2013

Respondent incorrectly conflates a magistrate judge's ruling subject to objections and *de novo* review by a district court judge under Fed. R. Civ. P. 72 with *res judicata* consequences of a final judgment.  As the SD Decision was not a final judgment until the 14 days provided by Fed. R. Civ. P. 72 lapsed on January 7, 2013, it would have been premature for Applicant to argue collateral estoppel prior to that date.  Thus, there has been a significant change subsequent to this Court's decision.

## II.   Collateral Estoppel Applies

<u>First</u>, the SD Decision does not involve different issues or different discovery.  In the SD Decision, it was determined that Dr. Scoma's "'*ex parte* communications with [Respondent] (including his own emails); his relationship with Bird Marella (and whether [Respondent] secretly promised that it would provide legal counsel to him while he was the [Tribunal's] independent expert); and his understanding of his duties as an independent expert' … are relevant to Applicant's claim that Respondent improperly fostered bias of Dr. Scoma against Applicant."  (SD Decision, Dkt. 19, p. 6.)  These are the same communications at issue here, albeit from the Bird Marella side of the conversation.[2]

<u>Second</u>, per the SD Decision, Respondent is estopped from arguing that the requested documents would neither be discoverable nor admissible in the U.K. proceeding, as it was clearly determined that "the Court is not required to determine whether the evidence obtained from Dr. Scoma would be discoverable

---

[1] Applicant's descriptions of the requirements of § 1782 and discretionary factors are taken almost verbatim from the application filed by the SRA in California in 2009.

[2] The critical issue is that Bird Marella may have preserved communications with Dr. Scoma that Dr. Scoma did not.  If Bird Marella have no new documents, then there is no burden because they need not produce anything.

1

or admissible in the English appellate proceedings." (SD Decision, Dkt. 19, p. 5), *citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 253-54 (2004) (rejecting argument that § 1782 contains a "foreign-discoverability requirement").

Third, it is respectfully submitted that this Court misconstrued the record to the extent it is concerned that Applicant may be trying to evade discovery supervision in state and federal courts. However, the Declarations of English barrister James Stuart makes clear that this evidence is for use in England, not to circumvent discovery stays in the pending Daily Mail and RICO cases, which is consistent with the SD Decision that the requested discovery is relevant to the English proceedings. It is of record that Respondent has not moved nor complained in the pending Daily Mail and RICO cases regarding Applicant transgressing any discovery restrictions.

**III. If the Court Denies the Motion for Reconsideration, the Court Should Distinguish Its Decision from the SD Decision Based on the Source of Documents Sought**

As Applicant may seek further § 1782 discovery for use in the English appeal, in the alternative to granting the discovery requested, in order to avoid conflict with the SD Decision, Applicant requests that this Court amend its Order as being fact-specific to the proposed subpoena on Bird Marella because the documents sought implicate attorney-client privilege and work product doctrine.

**CONCLUSION**

For the foregoing reasons, the Court should reconsider its order, grant the Application, and order that a subpoena may be served on Bird Marella for its communications with Dr. Scoma which were not produced or subject to an assertion of privilege in the Southern District. Alternatively, the Court should either vacate its order or amend its order to deny discovery due to issues implicating the attorney-client privilege and work product doctrine.

Dated: February 13, 2013         Respectfully Submitted,

/s/ Maxwell M. Blecher
Maxwell M. Blecher (SB# 026202)
BLECHER & COLLINS, P.C.

/s/ Bruce S. Marks
Bruce S. Marks (*pro hac vice* pending)
MARKS & SOKOLOV, LLC